# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANTHONY WAYNE SWAIN
WASHINGTON, JR ,

        Plaintiff,

v.                                                Case No:   6:24-cv-1606-JSS-LHP

LAKESIDE VILLAS APARTMENT,
APARTMENT PROPERTY
MANAGEMENT SERVICES LLC,
ROGER CARPENTER and
MICHELLE MORA,

        Defendants

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**   FEDERAL RULE OF CIVIL PROCEDURE 15(a) MOTION TO PROCEED   (Doc. No. 14)
>
> **FILED:**     November 6, 2024
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED.**

The motion (Doc. No. 14) fails to contain a memorandum of law as required by Local Rule 3.01(a) – while Plaintiff lists several rules and statutes, he does not

explain how any of them authorize any requested relief. To that end, the motion also does not clearly identify the relief Plaintiff seeks. Federal Rule of Civil Procedure 15(a) governs amendments of pleadings and does not provide a mechanism by which a party can be compelled to adhere to court rules – as Plaintiff appears to request – and Plaintiff also fails to provide any legal authority by which the Court can compel a party that has not yet appeared in a case to take action. Relatedly, to the extent Plaintiff seeks sanctions or to hold Defendants in contempt, no Defendant has yet been served and/or appeared in this case, therefore the Court is unaware of any conduct that Defendants have taken in this case that would warrant consideration of sanctions. For these reasons the motion (Doc. No. 14) is **DENIED.**

| | |
|---|---|
| **MOTION:** | **MOTION FOR MISCELLANEOUS RELIEF** (Doc. No. 20) |
| **FILED:** | December 9, 2024 |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

By this thirty-nine-page motion, it is again not clear what relief Plaintiff seeks, as he "submit[s] a writ of error and writ of mandamus for ruling dated November 15, 2024," seeks to "remove Roger Carpenter an employee of Lakeside Villas

Apartment . . . [and] Michelle Mora an employee . . . as defendants," and then asks to enforce subpoenas as to unidentified individuals. Doc. No. 20, at 1. Upon review, the motion does not comply with Local Rule 3.01(a) because it exceeds the page limitation for a motion, without leave of Court. And to the extent that Plaintiff objects to the November 15, 2024 Report (Doc. No. 16) or seeks to amend his complaint, he has separately filed objections to the Report and a motion to amend the complaint. *See* Doc. Nos. 17, 18. Moreover, insofar as Plaintiff is seeking issuance of subpoenas, no Defendant has yet been served or appeared in this case, and as such no case management conference has yet occurred and discovery has not yet opened; therefore, any attempts to obtain discovery are premature. *See* Fed. R. Civ. P. 26(d)(1). Accordingly, the motion (Doc. No. 20) is **DENIED without prejudice**.

Plaintiff is advised that although he proceeds *pro se* in this case, *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989). Failures to comply with applicable Local Rules and Federal Rules of Civil Procedure may result in the imposition of sanctions.

- 4 -

**DONE** and **ORDERED** in Orlando, Florida on January 3, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties