UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY WAYNE SWAIN
WASHINGTON, JR.,

        Plaintiff,

v.                                    Case No:  6:24-cv-1606-JSS-LHP

LAKESIDE VILLAS APARTMENT,
APARTMENT PROPERTY
MANAGEMENT SERVICES LLC,
ROGER CARPENTER, and
MICHELLE MORA,

        Defendants.
_____/

## ORDER

On September 4, 2024, Plaintiff Anthony Wayne Swain Washington, Jr. proceeding pro se, brought this action against Defendants Lakeside Villas Apartment, Apartment Property Management Services LLC, Roger Carpenter, and Michelle Mora.  (Dkt. 1.)  Plaintiff filed a motion seeking leave to proceed in forma pauperis (Dkt. 2) and an amended complaint on September 27, 2024 (Dkt. 4).  Thereafter, on November 15, 2024, United States Magistrate Judge Leslie Hoffman Price entered a report and recommendation recommending that Plaintiff's motion to proceed in forma pauperis (Dkt. 2) be denied without prejudice and that Plaintiff's amended complaint (Dkt. 4) be dismissed without prejudice for both failing to comply with procedural rules and failing to state a claim.  (Dkt. 61.)  Judge Hoffman Price recommended that

the court permit Plaintiff to file a second amended complaint and a renewed motion to proceed in forma pauperis within an appropriate time.  (*See id.* at 16.)  Plaintiff objects to Judge Hoffman Price's Report and Recommendation (Dkt. 18), but seeks leave to file a second amended complaint (Dkt. 17).  The basis for Plaintiff's objection to Judge Hoffman Price's order is unclear.  He explains that he has provided his initial disclosures with subpoenas and has attempted to contact Defendants to discuss the case.  (Dkt. 18.)  These topics were not addressed in Judge Hoffman Price's order.  Plaintiff also discusses his constitutional rights and points to various other laws that do not appear to be related to this action.  (*Id.*)  Nevertheless, Plaintiff is seeking leave to file a second amended complaint (Dkt. 17), which the court will allow.

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72.  With respect to non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020).  For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a

- 2 -

magistrate's report to which objections are filed."). Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Upon conducting a careful and complete review of the Magistrate Judge's findings, conclusions, and recommendations, and giving de novo review to matters of law, Plaintiff's objections (Dkt. 18) are overruled, and the court adopts the magistrate judge's report and recommendation in full.

Accordingly:

1. The Magistrate Judge's Report and Recommendation (Dkt. 16) is **ADOPTED** and made a part of this Order.

2. Plaintiff's amended complaint (Dkt. 4) is **DISMISSED without prejudice**.

3. Plaintiff's motion to proceed in forma pauperis (Dkt. 2) is **DENIED without prejudice**.

4. Plaintiff's motion to amend (Dkt. 17) is **GRANTED** to the extent that Plaintiff may file a second amended complaint which complies with Judge Hoffman Price's order (Dkt. 16), along with a renewed motion to proceed in forma pauperis, by filing an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) **on or before July 3, 2025**.

5. If Plaintiff fails to file an amended complaint within the time allotted, this order dismissing the complaint will become a final judgment. "[A]n order

- 3 -

dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension.  And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint."

*Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

**ORDERED** in Orlando, Florida, on June 13, 2025.

_____

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties